**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ANDRE WILLIAMS,
            *Defendant-Appellant.*

No. 02-4391

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-01-21-MU)

Submitted: November 7, 2002

Decided: November 15, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Karen E. Eady, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andre Williams pled guilty to bank robbery. On appeal, he contends that the Government breached his plea agreement by implicitly arguing for application of the career offender sentencing enhancement and that the district court improperly determined that he was a career offender. We affirm.

First, when the issue of a breached plea agreement is raised for the first time on appeal, it is reviewed for plain error. *United States v. McQueen*, 108 F.3d 64, 65-66 (4th Cir. 1997). We have reviewed the record and find no plain error. The plea agreement explicitly recognized the possibility of application of the career offender enhancement, and the Government's motion for a downward departure based on the district court's determination that the enhancement applied did not violate any obligations under the plea agreement.

Second, to qualify as a career offender, a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. *United States v. Huggins*, 191 F.3d 532, 539 (4th Cir. 1999). Williams argues that his prior convictions, which were separated by intervening arrests, nevertheless constitute a single related conviction for sentencing purposes because they were consolidated for sentencing. *See U.S. Sentencing Guidelines Manual* § 4A1.1(a)(2) (2000). However, because there were intervening arrests between these convictions, *see* USSG § 4A1.2, comment. (n.3), the convictions cannot be counted as related offenses. *See Huggins*, 191 F.3d at 539. Accordingly, there was no error in the district court's classification of Williams as a career offender.

Thus, we affirm Williams' conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*